

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LITTLE JOE CORDERO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:05-CV-0140 |
| § | |
| NATHANIEL QUARTERMAN, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION
### TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner LITTLE JOE CORDERO has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st Judicial District Court of Randall County, Texas, for the felony offense of burglary of a habitation. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On January 19, 2000, petitioner was indicted in the 251st District Court of Randall County, Texas for the offense of burglary of a habitation. *State v. Cordero*, Cause No. 12,897-C. The indictment included two enhancement paragraphs alleging petitioner had previous felony convictions for burglary of a habitation and burglary of a building. Petitioner pled not guilty to the charges. On April 25, 2000, a jury found petitioner guilty. On May 15, 2000, a sentencing

---

[1]The previous named respondent was Douglas Dretke who was succeeded by Nathaniel Quarterman on June 1, 2006, as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Quarterman is automatically substituted as a party.

hearing was held before the district judge. At the hearing, petitioner pled "true" to one of the enhancement paragraphs and "not true" to the other enhancement paragraph. The district judge ultimately found both enhancement paragraphs true and sentenced petitioner to a term of forty (40) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.

On May 8, 2000, petitioner filed his notice of appeal to the Seventh Court of Appeals, which affirmed his conviction on March 31, 2003.[2] *Cordero v. State*, No. 07-00-0237-CR (Tex. App.–Amarillo 2003). On July 30, 2003, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review, and on September 24, 2003, that court refused petitioner's request for rehearing. *Cordero v. State*, No. PD-0611-03 (Tex. Crim. App. 2003).

On August 31, 2004, petitioner filed an application for state habeas corpus, alleging the same grounds raised in the instant federal petition. The Court of Criminal Appeals denied relief without written order on April 13, 2005. *Ex parte Cordero*, App. No. WR-38,572-05. Petitioner filed his federal petition on May 16, 2005.[3]

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner received ineffective assistance of counsel by trial counsel's failure to:
   a. call or interview potentially favorable witnesses, including an alibi witness and petitioner's co-defendants;
   b. present co-defendants' prior statements and hearing testimony, which were

---

[2] In his direct appeal, petitioner raised seven issues: (1) denial of right to counsel during the search of the vehicle and the show-up; (2) ineffective assistance of counsel; (3) denial of change of counsel; (4) forced choice between proceeding *pro se* or keeping trial counsel for punishment phase of trial; (5) denial of jury for punishment phase of trial; (6) sufficiency of the evidence; and (7) insufficient time between indictment and arraignment.

[3] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

     favorable to the defense;
  c. object to the court's jury charge and request lesser included offense and accomplice-witness instructions;
  d. advise petitioner of plea bargain offered by the state; and,
  e. request immunity be given to certain potential witnesses to secure trial testimony;[4]

2. The trial court erred by forcing petitioner to choose between proceeding to trial with unwanted appointed counsel or proceeding *pro se*;

3. Petitioner's conviction was obtained by the use of inadmissible accomplice testimony;

4. Petitioner's conviction was obtained as a result of an illegal arrest;

5. The state failed to disclose evidence favorable to petitioner's defense;

6. Petitioner received an illegal sentence; and,

7. Petitioner is factually innocent of the crime for which he was convicted.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of the claims he now presents to this federal court. Therefore, it is the opinion of the Magistrate Judge that petitioner has exhausted his available state court remedies, and that this cause not be dismissed for any failure to exhaust, but instead, be decided on the merits.

## IV.

---

[4] Petitioner states this last ground of ineffectiveness in slightly different terms in his memorandum in support of his petition. In that pleading, petitioner states counsel "failed to request the court to consider petitioner's Sixth Amendment over codefendants Fifth Amendment [sic] when favorable written evidence existed." (Petr.'s Brief at 3). For purposes of this opinion, the Court will construe this statement to raise the same ground of ineffectiveness as petitioner stated above in allegation 1(e).

STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner filed a state habeas application in the Texas Court of Criminals Appeals relating to Cause No. 12,897-C. The Court of Criminal Appeals denied *Ex parte Cordero*, App. No. WR-38,572-05 on April 13, 2005, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at

issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

A.
Ineffective Assistance of Counsel

In his first ground, petitioner alleges he was denied effective assistance of counsel at trial. In order to obtain habeas corpus relief on the ground of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id*. at 668, 104 S.Ct. at 2064. However, a strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). To demonstrate prejudice, a petitioner must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Id.* at 697, 104 S.Ct. at 2069.

1. Failure to Call or Interview Favorable Witnesses

Petitioner alleges counsel rendered ineffective assistance by failing to interview or call certain witnesses at trial. Specifically, petitioner alleges counsel was ineffective for failing to call his girlfriend's aunt, Billie Delaney, an alleged alibi witness, or petitioner's co-defendants to testify. Because the decision of which witnesses to call at trial is essentially one of strategy, such claims are looked upon with disfavor. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)

(citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983)). In order to prevail on a claim of ineffective assistance for failure to call a witness, a petitioner must show the witness would have testified and the witness' testimony would have been favorable. *Id.*

As to the alleged alibi witness, petitioner has not provided an affidavit from Ms. Delaney showing she would have provided favorable testimony, such as that petitioner was with her and her niece at the time of the burglary. Furthermore, petitioner's girlfriend, Robin Cain, testified at trial and stated that her aunt was in the shower around the time of the burglary. Reporter's Record (hereafter R.R.), Vol. 4 at 123. Likewise, in a sworn affidavit submitted by petitioner's trial counsel for purposes of the state habeas corpus proceedings, trial counsel stated,

> I interviewed Ms. Billie Delaney and learned that she was the Aunt of Robin Cain. The night before the alleged burglary, Aunt Billie Delaney spent the night at the residence of Robin Cain. [Petitioner's] theory was that he also spent the night with Robin. However, Aunt Billie Delaney could not testify as to [petitioner's] location the morning of the burglary. According to Robin Cain, Delaney was in the shower during the actual time of the burglary. Further, Delaney could not testify that she saw him in the morning prior to the time the burglary was committed. This created a real problem because Delaney's testimony might indicate that [petitioner] was not in the house during the time of the burglary. Further, it might refute the testimony of Robin Cain who claimed she was with Applicant in the morning. Obviously, Delaney's testimony would hurt the case.

Based upon the testimony adduced at trial, as well as counsel's affidavit, counsel's decision not to call Ms Delaney as a witness was firmly rooted in trial strategy and, thus, was not deficient. *Skinner v. Quarterman*, ___ F.3d ___, 2008 WL 2043036, at *3 (5th Cir. 2008) (quoting *Cotton v. Cockrell*, 343 F.3d 746, 752-753 (5th Cir. 2003)).

Likewise, petitioner has failed to show counsel was ineffective for failing to call petitioner's co-defendants, Ray Chacon and Christopher Michael Villarreal, as witnesses. A co-defendant cannot be compelled to testify once he has invoked, or has informed defendant's counsel he intends to invoke, his Fifth Amendment rights. In a hearing held before petitioner's

trial began, co-defendant Chacon informed the trial court he was invoking his Fifth Amendment right not to testify. R.R., Vol. 3 at 96-101. Clearly, petitioner's trial counsel could not call Chacon as a witness once he invoked his Fifth Amendment right. Furthermore, Chacon's statements were hearsay and could not have been entered into evidence without Chacon's testimony.

In his sworn affidavit, petitioner's trial counsel stated that, like Chacon, co-defendant Villarreal intended to invoke his Fifth Amendment right. Therefore, counsel could not have called Villarreal to the witness stand, nor enter into evidence any statement made by Villarreal. Petitioner has failed to demonstrate counsel was ineffective for failing to call these co-defendants to testify.

### 2. Failure to Enter Co-Defendant Statements and Testimony into Evidence

Petitioner alleges counsel rendered ineffective assistance by failing to enter into evidence statements and prior testimony given by petitioner's co-defendants. Both Chacon and Villarreal made statements to the police shortly after their arrests. Each co-defendant implicated petitioner in his statement. As petitioner's trial approached, each co-defendant made a statement alleging petitioner was not a party to the burglary.[5]

In his state habeas affidavit, trial counsel stated that, in light of each co-defendant making inconsistent statements, as well as each co-defendant's criminal record, neither would have been an unassailable witness. Furthermore, trial counsel did not believe he could enter either statement into evidence without the testimony of Villarreal or Chacon, who were unavailable to testify.

---

[5] Petitioner points to two statements that he believes should have been entered into evidence. The first statement, made by Villarreal during an unsuccessful attempt to plead guilty to burglary charges, alleged Villarreal and Chacon picked up petitioner after they committed the burglary *See* Petr's. Brief at Exhibit A. The second statement, allegedly written by Chacon, implicated Loraine Sierra in planning the burglary, and stated that only he and Villarreal actually burglarized the house. Chacon's statement, which was sent to the state court clerk's office before petitioner's trial, was an unsworn document, which provided no proof that Chacon actually authored the statement. *See* Petr's. Brief at Exhibit 2.

Assuming *arguendo* counsel could have successfully gotten each co-defendant's statement into evidence via an exception to the hearsay rule, *e.g.*, as statements against penal interest, admission of the statements exonerating petitioner would have opened the door for the prosecutor to enter the first statements, which clearly implicated petitioner. Such occurrence would have undermined any value added to petitioner's defense by the exonerating statements. Moreover, even if counsel's failure to seek admission of the co-defendants' statements fell below a standard of objectively reasonable performance, petitioner has failed to show any prejudice arising from the absence of the statements for the jury's consideration. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Trial counsel was not ineffective for failing to attempt to have statements made by petitioner's co-defendants admitted into evidence.

### 3. Failure to Request Lesser Included Offense and Accomplice-Witness Instructions

Petitioner alleges trial counsel was ineffective for failing to request certain instructions be included in the jury charge. Specifically, petitioner claims counsel should have requested both a lesser-included offense instruction and an accomplice-witness instruction.

In his affidavit, trial counsel stated he employed an "all or nothing" strategy at trial, based upon petitioner's assertions that he did not commit the burglary as charged. Requesting a lesser-included offense charge would have been inconsistent with a defense of total innocence. Trial counsel acted in an objectively reasonable manner in electing not to request such an instruction, given the chosen trial strategy and such does not constitute ineffective assistance of counsel. Furthermore, even if, assuming *arguendo*, counsel was not employing sound trial strategy, petitioner fails to allege any prejudice arising out of counsel's failure to request the lesser-included offense charge because he has failed to show that his trial was rendered unfair by trial counsel's decision. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Throughout his brief, petitioner alleges ineffective assistance in regard to the testimony of

Loraine Sierra, a witness for the state. Petitioner claims sufficient evidence existed for the jury to be instructed to evaluate Sierra's testimony in light of her being an accomplice-witness.[6] However, both trial counsel's affidavit and a sworn affidavit submitted by the assistant district attorney in the state habeas proceedings show that neither attorney believed sufficient evidence existed to treat Sierra as an accomplice witness. While Texas law does require an accomplice-witness instruction—either as a matter of law or a matter of fact—in certain circumstances, a "defendant is entitled to an accomplice-witness instruction if and only if 'there is sufficient evidence in the record to support a charge against the witness alleged to be an accomplice.'" *Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999) (quoting *Blake v. State*, 971 S.W.2d 451, 454-455 (Tex. Crim. App. 1998)). Neither petitioner's counsel nor the prosecutor believed sufficient evidence existed to treat Sierra as an accomplice-witness. The Court does not disagree with such assessments, and counsel did not act unreasonably by failing to request an instruction or object to the trial court's jury charge.

### 4. Failure to Advise Petitioner of Plea Bargain

Petitioner alleges trial counsel was ineffective for failing to advise petitioner of a plea bargain offer. This allegation is without merit. In a letter written by petitioner to counsel and attached as an exhibit to counsel's state habeas affidavit, petitioner acknowledged that he and counsel had discussed an offer of "25 plus." Furthermore, during the hearing on petitioner's motion to discharge trial counsel, the following exchange occurred:

> THE COURT: I'm not aware of any plea bargain
> negotiations in this case, but when the Court
> was informed that you did not wish to enter a

---

[6]Many of the stolen items were found in Sierra's apartment. However, in a statement to police and in her trial testimony, Sierra maintained that petitioner, Villarreal, and Chacon arrived at Sierra's apartment around 10 a.m. on the morning of the burglary and asked Sierra if they could store the items at her apartment. Sierra stated that Chacon and petitioner told her the items belonged to them and they needed to store them in her apartment while they were moving. R.R., Vol. 4 at 99-104, 109.

|                | plea, then the Court placed it on a trial docket. |
|----------------|---|
| MR. CORDERO:   | I wasn't aware there was a plea. |
| THE COURT:     | Well, I don't get involved in plea bargains. |
|                | Mr. Weaver, let me ask you, has the State made an offer to you with respect to a plea in this case? |
| MR. WEAVER:    | Yes, Your Honor. I believe the offer is 30 years, which I relayed to my client and has been rejected. |

R.R., Vol. 2 at 6. Petitioner did not object to counsel's statement, nor did he inform the court that Mr. Weaver's assertion that he had communicated a plea offer to petitioner was wrong. This exchange in open court, in addition to petitioner's statement in his letter, contradicts petitioner's claim that counsel never communicated the plea offer to him. Petitioner's allegation is without merit.

### 5. Failure to Request Immunity for Witnesses

In his final allegation of ineffectiveness, petitioner claims counsel should have sought an immunity agreement for petitioner's co-defendants in order to secure their testimony. This ground is without merit. First, as discussed above, the decision of which witnesses to call at trial is essentially one of strategy, making ineffective assistance claims based on such ground unsavory. *See Alexander*, 775 F.2d at 602. Second, petitioner's counsel could not ethically attempt to negotiate an immunity agreement for defendants who were not his clients and were represented by counsel. *See* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT 4.02(a). Third, even if counsel could overcome his professional obligation not to interfere with the attorney-client relationship, counsel asserted in his state court affidavit that neither co-defendant would have been a stellar witness, given each one's criminal history and inconsistent statements about the

burglary, including statements which implicated petitioner. In other words, counsel believed impeachment evidence abounded, which made both co-defendants unattractive witnesses. Therefore, even if the co-defendants had been available to testify pursuant to an immunity agreement, counsel would have been acting reasonably by choosing not to call such witnesses, as they might do greater harm than good.

Finally, petitioner has failed to make any showing of prejudice resulting from counsel's failure to seek immunity for petitioner's co-defendants, *i.e.*, that the prosecutor would have agreed to grant immunity or that the jury would not have convicted petitioner if either or both co-defendants had testified, which is fatal to his ineffective assistance claim. This allegation is without merit.

B.
Denial of New Counsel

In his second ground, petitioner alleges the trial court committed error when it denied petitioner's request for new trial counsel and required petitioner to choose between proceeding *pro se* or going to trial with counsel petitioner considered undesirable. Defendants in a criminal trial enjoy a conditional right to retain counsel of their choosing. *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004) (quoting *United States v. Hughey*, 147 F.3d 423, 429 (5th Cir. 1998)). However, while defendants do have a right to counsel and a limited right to *retained* counsel of their choice, they do not have a right to *appointed* counsel of their choice. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). A trial court's denial of a motion to withdraw counsel is reviewed for abuse of discretion. *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

Petitioner complains the trial court erred by forcing him to choose between appointed counsel he disagreed with or proceeding *pro se*. Petitioner bases this complaint partially on the fact that he never requested appointed counsel; instead, the court *sua sponte* appointed counsel. This complaint is without merit. Petitioner was free, at any point after the trial court appointed

counsel, to obtain counsel of his choosing. Petitioner alleges he was attempting to obtain his own counsel, but he did not follow through with his attempts. Instead, he continued with appointed counsel, and, seemingly, was satisfied with counsel until the trial loomed ahead.[7] The trial court acted within its discretion when it refused to grant a continuance in order for petitioner to obtain other counsel. *See Newton*, 371 F.3d at 255-256. Petitioner did not request counsel to be withdrawn until less than a week before the trial and did not have new counsel ready to substitute in and try the case. Therefore, the trial court could reasonably find, and did find, that granting a continuance would create an unnecessary delay. *See* R.R., Vol. 2 at 5-6. The trial court did not abuse its discretion when it denied petitioner's motion to withdraw counsel, and petitioner is not entitled to federal habeas corpus relief on this ground.

C.
Accomplice Testimony

In his third ground, petitioner alleges his constitutional rights were violated because his conviction was obtained based on accomplice-witness testimony. As discussed above, neither the prosecutor nor defense counsel believed sufficient evidence existed to charge Loraine Sierra as an accomplice to the burglary. Therefore, petitioner's allegation is without merit. Even if sufficient evidence existed to treat Sierra as an accomplice-witness, petitioner would not be entitled to federal habeas relief on this ground. A federal habeas court may only address violations of the United States Constitution, not mere violations of state law. *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). "[T]he Constitution imposes no requirement that the testimony of an accomplice-witness be corroborated by independent evidence. Accordingly, the []

---

[7] Petitioner's request for new counsel appears to stem from his disagreement with counsel over what the proper strategy for trial should be, and not because counsel was derelict in his duties. Petitioner has failed to show anything other than counsel did not do what petitioner wanted him to do. Furthermore, petitioner has failed to allege any specific ways in which counsel's performance was lacking as a result of this disagreement. The effectiveness of counsel does not rely upon the relationship between an accused and his counsel, but rather on whether the adversarial process is fair, *i.e.*, whether an accused has counsel who is acting as his advocate. *See United States v. Cronic*, 466 U.S. 648, 657, 104 S.Ct. 2039, 2045, 80 L.Ed.2d 657 n.21 (1984).

failure to satisfy the requirements of the [Texas] accomplice-witness sufficiency rule, and a state court's failure to enforce that purely state rule, simply would not warrant constitutional attention." *Brown v. Collins*, 937 F.2d 175, 182 n.12 (5th Cir. 1991) (citing *Smith,* 455 U.S. at 221, 102 S.Ct. at 948).

D.
Illegal Arrest

In his fourth ground, petitioner alleges his constitutional rights were violated because his conviction was obtained based on an illegal arrest. Petitioner did not raise this issue at trial or in his direct appeal; however, he did raise it in his state habeas corpus petition.

In Texas, claims regarding the legality of an arrest and subsequent search are procedurally barred if raised for the first time on habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 n.6 (Tex. Crim. App. 2004) (citing *Ex parte Kirby*, 492 S.W.2d 579, 581 (Tex. Crim. App. 1973)). Federal courts are generally barred from considering a petitioner's claim when he fails to satisfy a state procedural rule related to that claim because the petitioner "deprived the state courts of an opportunity to address [the] claim[] in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991). The only time such a claim may be considered is if the petitioner shows both cause for the procedural default and prejudice resulting from the default, or if the petitioner "demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Id.* at 750

Furthermore, so long as a petitioner has been afforded an *opportunity* by the state for full and fair litigation of the issue of the legality of an arrest and subsequent search, then federal habeas review is inappropriate, regardless of whether petitioner availed himself of the opportunity. *Stone v. Powell*, 428 U.S. 465, 481-482, 96 S.Ct. 3037, 3046 (1976); *see also, Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). "If a state provides the processes

whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *see also Swicegood v. Alabama,* 577 F.2d 1322, 1324 (5th Cir.1978).

Although the Texas Court of Criminal Appeals denied petitioner's state habeas petition without written order, that court has stated that a denial–as opposed to a dismissal–indicates the court addressed and rejected the merits of a petition. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Therefore, in light of the Court of Criminal Appeals denial of petitioner's state petition, as well as the procedural bar against raising the legality of a search and seizure for the first time on habeas review, this Court is barred from considering this ground. Petitioner has made no showing of cause for the default or resultant prejudice, nor has he provided evidence that a fundamental miscarriage of justice would occur.

Even if this Court were to address the merits of the claim, petitioner would still not be entitled to relief. So long as a police officer has probable cause to make an arrest, a warrantless arrest in a public place does not violate the Fourth Amendment. *New York v. Harris*, 495 U.S. 14, 17-18, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13 (1990) (citing *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976)). During the investigation of the burglary, witnesses informed police they saw a tall African-American male and a short Hispanic male get out of a late 1980's or early 1990's model Chevy four-door sedan and walk down the alley near the burglarized home. The witnesses assumed a third person, the driver, remained in the car because the hazard lights were turned on after the two males exited the car. R.R., Vol. 4 at 46, 49-50, 55. The witnesses also gave police the car's license plate number. R.R., Vol. 4 at 6-9. A responding officer dispatched this information, which was received by other officers. The police spotted a vehicle, which was parked in front of an apartment building, matching the description and license plate number of the one involved in the burglary. R.R., Vol. 3 at 136-139. There were three male

passengers inside the car, and one of those passengers was petitioner. *Id.* at 139, 142. Once police removed petitioner and the other passengers–Villarreal and Chacon–from the car, police discovered several items believed to be stolen during the burglary. *Id.* at 143-147.

The police had probable cause to stop the vehicle in which petitioner was traveling based upon the eyewitnesses' statements regarding the license plate number, make, model, and color of the vehicle involved in the burglary. Furthermore, the number of occupants in the vehicle matched the number and general description given by the eyewitnesses. Based on all of the foregoing, the police had probable cause to arrest petitioner. Moreover, the owner of the car, co-defendant Villarreal's girlfriend, Pamela Dalton, gave her consent for the search of the vehicle. *Id.* at 143. Because passengers in a vehicle have no expectation of privacy in another's vehicle, petitioner had no standing to contest the consensual search. *See United States v. Roberson*, 6 F.3d 1088, 1091 (5th Cir. 1993); *see also United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003); *United States v. Cardona*, 955 F.2d 976, 981 (5th Cir. 1992). This claim is without merit.

E.
Failure to Disclose Evidence

In his fifth ground, petitioner alleges his due process rights were violated by the state's failure to disclose favorable evidence. Specifically, petitioner alleges the state failed to disclose Loraine Sierra's criminal history. The prosecution bears the burden of disclosing to a defendant all evidence the prosecution is aware of that is favorable to a defendant. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Impeachment evidence, including relevant criminal history, is included. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). However, under the Texas Rules of Evidence, just like the Federal Rules of Evidence, a witness may generally only be impeached by felony convictions or convictions involving crimes of moral turpitude. Tex. R. Evid. 609(a).

By his own exhibit, petitioner shows that Sierra had no impeachable criminal offenses on

her record. *See* Petr's. Brief at Exhibit 5. Prior to her trial testimony on April 25, 2000, the only offense on Ms. Sierra's record was a citation for disregarding a railroad crossing. Traffic offenses are not the type of infraction that may be used to impeach a witness. Furthermore, petitioner's allegation that an arrest warrant was issued for Ms. Sierra between the time of her trial testimony and petitioner's punishment trial is completely irrelevant because an arrest ordinarily cannot be used to impeach a witness, only a final conviction, and Sierra did not testify at the punishment phase. The state did not violate its duty under Brady. The state is not required to disclose information that does not exist, and even if there was a duty to disclose the information petitioner complains about, he cannot show prejudice. This claim is without merit.

F.
Illegal Sentence

In his sixth ground, petitioner alleges he received an illegal sentence based upon the foregoing constitutional violations. Petitioner has not alleged any separate constitutional violation rendering his sentence illegal. Because petitioner's claims, as discussed above, do not merit a grant of relief, petitioner is not entitled to relief on this ground.

G.
Factual Innocence

In his seventh and final ground, petitioner alleges his federal constitutional rights were violated because he is factually innocent of burglary. The Court interprets this claim as a claim of actual innocence. While actual innocence claims based upon newly discovered evidence where constitutional errors occurred at trial are cognizable on federal habeas review, free-standing innocence claims are not. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). "[A] claim of actual innocence is 'a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quoting *Herrera*, 506 U.S. at 404, 113 S.Ct. at 862)).

In his federal application, petitioner merely recites the above alleged grounds as a basis for granting relief. Petitioner has not alleged any newly discovered evidence, nor has he presented any meritorious allegations of constitutional violations resulting in his conviction. This claim is without merit.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner LITTLE JOE CORDERO be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of June 2008.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local

Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).