

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LITTLE JOE CORDERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0140 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner LITTLE JOE CORDERO has filed with this Court a Petition for a Writ of

Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st Judicial

District Court of Randall County, Texas, for the felony offense of burglary of a habitation.  On

June 26, 2008, the undersigned issued a Report and Recommendation to deny petitioner's

application for federal habeas relief.  On July 17, 2008, petitioner filed objections to the Report

and Recommendation.  The majority of petitioner's objections merely repeat the same arguments

petitioner presented in his habeas petition, and thus, do not warrant independent discussion. Two

of petitioner's objections, however, do warrant discussion.

In his objections, petitioner asserts the Report and Recommendation contains a factual

inaccuracy regarding statements made by one of petitioner's co-defendants, Christopher Michael

Villarreal.  Specifically, petitioner asserts the record contains no evidence that Villarreal ever

made a statement to police implicating petitioner in the burglary.  Upon additional review of the

state court record, the Court acknowledges that while trial counsel's state habeas affidavit does

discuss statements made by petitioner's co-defendants, it does not specifically mention a statement made to police by Villarreal, and that only co-defendant Chacon made a statement implicating petitioner. Consequently, page 7 of the Report and Recommendation is incorrect to the extent it states there was such a statement made by co-defendant Villarreal. This error, however, does not change the conclusion that trial counsel exercised sound trial strategy when he elected not to call Villarreal as a witness (assuming counsel could have overcome Villarreal's invocation of his Fifth Amendment right) or enter Villarreal's statement into evidence, in light of the impeachment evidence available, *i.e.*, Villarreal's involvement in the burglary and his prior felony convictions. Nor does it change the fact that petitioner failed to show that the Texas Court of Criminal Appeals' determination that counsel was not ineffective was unreasonable in light of the record before the Court of Criminal Appeals. *See* 28 U.S.C. § 2254(d)(2).

Petitioner also objects to the Report and Recommendation's finding that trial counsel did not render ineffective assistance of counsel for failing to communicate a plea bargain offer. In his objections, petitioner claims he was unaware during the pre-trial hearing that he could inform the trial court that counsel had never conveyed a plea offer to him. Furthermore, petitioner claims that his statement in a letter to counsel regarding an offer of "25-plus" related to the common practice of the State not to offer less than a twenty-five-year sentence when a defendant had double enhancements and not to any specific plea offer made by the State. However, in his state habeas affidavit, trial counsel asserted he and petitioner conversed numerous times about possible plea bargains. Counsel also stated to the trial court on the record that he had conveyed an offer of thirty years imprisonment to petitioner. While failure to convey a plea bargain can constitute ineffective assistance of counsel, *see Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995), petitioner has not made the showing required under the Anti-Terrorism and Effective Death Penalty Act, *i.e.*, that the Court of Criminal Appeals made an unreasonable determination of the facts in light of the record before that court. *See* 28 U.S.C. § 2254(d)(2). Presented with

2

conflicting statements as to whether a plea offer was communicated, the Court of Criminal Appeals had to choose between a licensed attorney's sworn representations, both to the trial court and to the Court of Criminal Appeals, and petitioner's unsupported assertions. There is no basis for this Court to find that the Court of Criminal Appeals' determination that petitioner was not entitled to habeas relief based upon the record was unreasonable Therefore, petitioner is not entitled to federal habeas relief.

## RECOMMENDATION

For the reasons herein stated, as well as those stated in the Report and Recommendation of June 26, 2008, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for Writ of Habeas Corpus by a Person in State Custody filed by LITTLE JOE CORDERO be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of July 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing

objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).